OPINION
{¶ 1} Appellant, Statler Gilfillen, appeals from an entry of the Franklin County Court of Common Pleas, Probate Division, that "overrule[d]" a magistrate's decision removing Lisa Ruddy as guardian of Loreen Gilfillen. Because the entry appealed is not a final appealable order, we reverse.
 {¶ 2} Appellant is the biological son of William and Amy Gilfillen. Lisa and Loreen are the Gilfillen's adopted daughters; Loreen is mildly mentally retarded. After Amy suffered a stroke in 1996, William had difficulty managing household affairs, including the care of Loreen. At her father's request, Lisa agreed to be Loreen's guardian, and on April 20, 1998, Lisa was appointed the guardian of the person and estate of Loreen. Following her father's death, Lisa was appointed executor of William's estate. Lisa also serves as a trustee of four trusts in which Loreen has an interest.
 {¶ 3} On January 30, 2002, appellant moved the probate court to remove Lisa as Loreen's guardian because, according to appellant (1) Lisa improperly compensated Anna Howard, Loreen's longtime caregiver who had a close relationship with Loreen, thereby encouraging Howard to terminate employment, (2) Lisa limited Loreen's contact with appellant, thereby preventing appellant and Loreen from maintaining a normal sibling relationship, (3) Lisa failed to properly maintain Loreen's residence despite having the financial means to do so, (4) Lisa has a conflict of interest because Lisa serves as fiduciary in various trusts of which Lisa, appellant and Loreen are beneficiaries, and (5) appellant distrusts Lisa.
 {¶ 4} On February 28, 2002, Lisa terminated Howard's employment due to alleged insubordination and failure to communicate. In response, appellant, on March 7, 2002, moved the probate court to reinstate Howard as Loreen's caregiver.
 {¶ 5} On April 22, 2002, the probate court, through a magistrate, held a hearing to consider the removal of Lisa as Loreen's guardian and to consider appellant's motion to reinstate Howard as Loreen's caregiver. On August 2, 2002, the magistrate issued a decision which included comprehensive findings of fact and conclusions of law. The magistrate (1) determined Lisa should be removed as Loreen's guardian, (2) appointed a successor guardian, and (3) found moot appellant's motion to reinstate Howard as caregiver because Howard did not want to be reemployed by the Gilfillen family. Lisa objected to the magistrate's decision, and appellant objected to certain findings of fact and conclusions of law contained in the magistrate's decision.
 {¶ 6} After hearing the arguments of counsel on the objections, the probate court, on October 10, 2002, "overrule[d]" the magistrate's decision. Appellant moved for reconsideration and later appealed. On November 21, 2002, the probate court dismissed appellant's motion for reconsideration because it lacked jurisdiction due to appellant's appeal.
 {¶ 7} In this appeal, appellant assigns the following errors:
 {¶ 8} "Assignment of Error No. 1
 {¶ 9} "The Franklin County Probate Court abused its discretion in reversing the Magistrate's decision to remove Lisa K. Ruddy as the guardian of the person and estate of Loreen K. Gilfillen in the absence of any additional evidence being presented, when the court's own independent expert testified that the removal of the guardian was in the best interest of the ward.
 {¶ 10} "Assignment of Error No. 2
 {¶ 11} "The Franklin County Probate Court abused its discretion in holding that, although conflicts of interest exist, the conflicts do not warrant the removal of the guardian.
 {¶ 12} "Assignment of Error No. 3
 {¶ 13} "The Franklin County Probate Court erred in failing to address Statler Gilfillen's objections to certain finding[s] of fact of the Magistrate."
 {¶ 14} Before addressing the assigned errors, we first must ascertain whether the entry appealed is a final appealable order because this court's jurisdiction, as pertinent here, is limited to appeals from final orders. R.C. 2505.03(A) ("[e]very final order, judgment, or decree * * * may be reviewed on appeal * * *"); see Mogavero v. Lombardo (Sept. 25, 2001), Franklin App. No. 01AP-98 ("[i]f a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter * * * and the matter must be dismissed"). As relevant here, R.C.2505.02(B)(1) defines a final order to be one "that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Because the order at issue emanates from proceedings under Civ.R. 53, we must apply the provisions of R.C. 2505.02 and 2505.03
within the context of that rule.
 {¶ 15} Pursuant to Civ.R. 53, within 14 days of the filing of a magistrate's decision, a party may file written objections to that decision. Civ.R. 53(E)(3)(a). If any party timely files written objections, any other party may file objections within 10 days after the first objections are filed. Id. An objection "to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(b). A trial court must rule on any objections and "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). The magistrate's decision is effective when adopted by the court. Civ.R. 53(E)(4)(a).
 {¶ 16} Along with her written objections, Lisa filed the entire transcript of the hearing before the magistrate. Within 10 days of the filing of Lisa's objections, appellant filed written objections to the magistrate's findings of fact and conclusions of law. Pursuant to Civ.R. 53, the objections properly were before the probate court for determination.
 {¶ 17} The probate court's decision noted both appellant's and Lisa's objections. Although the presence of the transcript and a review of the probate court's decision suggests the court implicitly may have resolved some of appellant's objections, the record contains no ruling on the objections as required by Civ.R. 53(E)(4)(b). Moreover, resolution of the objections to the magistrate's findings of fact is not inconsequential. Because the probate court did not take any evidence itself, its action on the magistrate's decision is premised on the magistrate's findings of fact. Knowing which of the magistrate's factual findings the probate court adopted or rejected allows the parties, and this court, to proceed appropriately in the appellate review of the probate court's decision. Cf. Ferretti v. Graham (Feb. 13, 2001), Franklin App. No. 00AP-765.
 {¶ 18} The matter here is further complicated by the probate court's "action" on the magistrate's decision. While Civ.R. 53 permits the probate court to adopt, reject, or modify the magistrate's decision, the probate court "overrule[d]" the magistrate's decision. Because the probate court did not purport to adopt any portion of the magistrate's decision, either factual or legal, we assume the probate court's overruling the decision is a rejection of the decision in its entirety. Having rejected the whole of the magistrate's decision, including the findings of fact and the conclusions of law, the probate court had no factual basis to rule on appellant's motion because the probate court heard no evidence in the case; only the magistrate conducted an evidentiary hearing. Indeed, the probate court appears to have rendered no ruling on appellant's motion. Rather, for the reasons set forth in its "entry," the probate court simply rejected the magistrate's decision. Because the probate court did not rule on appellant's motion, we have no final order from which an appeal may be taken. At this point, appellant's appeal must be dismissed for lack of jurisdiction.
 {¶ 19} In the probate court, the motion remains pending. The probate court may refer the matter back to the magistrate for further proceedings, or the probate court may hear evidence on the matter itself and rule accordingly. Alternatively, the probate court may vacate its entry rejecting the magistrate's decision in its entirety, rule on the objections the parties filed, adopt or modify the magistrate's findings of fact and conclusions of law, and enter judgment accordingly. The magistrate's decision, however, is not effective until the probate court, by judgment entry, adopts or modifies it and enters judgment accordingly.
 {¶ 20} Because the probate court did not dispose of appellant's motion, appellant's appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
PETREE, P.J., and TYACK, J., concur.